UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WLODZIMIERZ LUKASIK,

        Plaintiff,

Case No. 1:06-CV-280

v.

Hon. Richard Alan Enslen

MARY HOLLINRAKE, *et al.*,

**PARTIAL JUDGMENT**

        Defendant.
_____/

Defendant G. Patrick Hillary, Kent County Circuit Judge, has moved this Court for summary judgment concerning claims brought against him by Plaintiff Wlodzimierz Lukasik. Plaintiff has opposed the request. Oral argument is unnecessary in light of the briefing.

This action alleges violations of 42 U.S.C. § 1983 in connection with Plaintiff's defense of a divorce action (*Lukasik v. Lukasik,* No. 05-07075-DM (Kent County Circuit Court)) pending before Judge Hillary. Plaintiff complains that Judge Hillary and others (his past attorneys and the attorney for his estranged wife) conspired against him in the suit, deprived him of due process, and concealed, manipulated or falsified documents in the court file.[1] Plaintiff further claims that these actions resulted in adverse orders[2] of the Circuit Court as to his pending divorce.

---

[1] The allegations concerning the documents relate to Judge Hillary's failure to correct statements and court filings by the attorneys and/or failure to control manipulations of the court file by court clerks. (*See* Compl. ¶¶ 4, 14.) *See also Dorman v. Higgins*, 821 F.2d 133, 139 (2d Cir. 1987) (dismissing fraudulent document filing claim on ground of judicial immunity).

[2] *E.g..,* orders of child support, child custody, property division, psychological examination, *et cetera*.

1

Defendant's Motion is brought pursuant to Federal Rule of Civil Procedure 56.  Under the language of Rule 56(c), summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).[3]  This standard is met in this circumstance.

Judges are entitled to absolute immunity from suit for all claims arising from the performance of judicial duties within their jurisdiction.  *Pierson v. Ray,* 386 U.S. 547, 553-54, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967); *Holloway v. Brush*, 220 F.3d 767, 774 (6th Cir. 2000).  This is true even if their judicial acts are committed maliciously, corruptly and in violation of the law. *Mireles v. Waco,* 502 U.S. 9, 11 (1991).  While there are limited exceptions to such rule, *see Stump v. Sparkman,* 435 U.S. 349, 356 (1978), they do not apply in this instance because the claims relate solely to judicial acts within the express jurisdiction of Judge Hillary.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant G. Patrick Hillary's Motion for Summary Judgment (Dkt. No. 15) is **GRANTED**, summary judgment is entered in favor of Defendant G. Patrick Hillary and against Plaintiff concerning all claims brought against Hillary in this suit, and said claims are **DISMISSED WITH PREJUDICE**.

DATED in Kalamazoo, MI:  
    June 29, 2006

/s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE

---

[3]While the Court technically decides this Motion under Rule 56, relief would also be appropriate under Rule 12(b)(6), which was Defendant's alternative basis for relief in his Motion.