UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WLODZIMIERZ LUKASIK,

      Plaintiff,

Case No. 1:06-CV-280

v.

Hon. Richard Alan Enslen

MARY HOLLINRAKE, *et al.*,

**JUDGMENT**

      Defendants.
_____/

      Plaintiff Wlodzimierz Lukasik has recently responded to Defendant Mary Hollinrake and Sue Van Duinen's Motion for Summary Judgment in this action pursuant to 42 U.S.C. § 1983. He has also responded to the Court's Order to Show Cause, which asked him to brief why the claims against the other remaining Defendants should not be dismissed. Oral argument is unnecessary in light of the briefing. *See* W.D. Mich. L.Civ.R. 7.2(d).

      Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The initial burden is on the movant to specify the basis upon which summary judgment should be granted and to identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The evidence filed is to be viewed in a light most

favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Plaintiff fails this standard as explained below.

Plaintiff repeatedly says that Defendants Mary Hollinrake and Sue Van Duinen were somehow responsible for the filing of false documents in state court, though the exact misconduct and its effect upon the state court proceedings is wholly unclear from the submissions. Even assuming some intentional misfiling of documents, Defendants are nevertheless entitled to summary judgment and dismissal because: (1) the evidence filed is insufficient to create a genuine issue of material fact that Defendants' conduct itself caused Plaintiff injury in the state court proceedings; (2) Hollinrake and Van Duinen are entitled to quasi-judicial immunity, *see Pierson v. Ray,* 386 U.S. 547, 553-54 (1967); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994); *Slotnick v. Garfinkle*, 632 F.2d 163, 166 (1st Cir. 1980); *Henriksen v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981); *Johnson v. Granholm*, 662 F.2d 449, 450 (6th Cir. 1981) (*per curiam*); (3) Hollinrake and Van Duinen are entitled to qualified immunity as to Plaintiff's section 1983 claims, *see Bush*, 38 F.3d at 848; (4) the suit raises divorce and custody issues within the domestic relations bar, *see Clark v. Portage County, Ohio,* 281 F.3d 602, 605 (6th Cir. 2002); *Ex parte Burrus,* 136 U.S. 586, 593-94 (1890); *cf. Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992); (5) comity prohibits federal interference in state court adjudications, *see Johns v. Supreme Court of Ohio*, 753 F.3d 524, 526-27 (6th Cir. 1985); *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003); (6) jurisdiction is barred under the *Rooker-Feldman* doctrine, *see Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983); and, (7) Plaintiff lacks standing to sue under federal criminal statutes, *see Morganroth & Morganroth v. DeLorean,* 123 F.3d 374, 386 (6th Cir.1997).[1]

---

[1] Plaintiff had suggested that he could sue for "mail fraud." (Dkt. No. 63 at 3.)

Additionally, the Court determines that the federal claims against the remaining Defendants (attorneys) are not viable for the reasons given above and also because the conduct of private attorneys is not deemed a state action for the purposes of 42 U.S.C. § 1983. *See Whittington v. Milby,* 928 F.2d 188, 193 (6th Cir. 1991).

Having determined that all federal claims should be dismissed, the Court turns to Title 28 U.S.C. § 1367(c)(3). The statute permits dismissal of remaining state law claims after dismissal of pending federal claims. Such a dismissal is proper and in the interests of justice given the need for comity. *See Carnegie-Mellon Univ. v. Cahill*, 484 U.S. 343, 357 (1988); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 761 (6th Cir. 2000).

**THEREFORE, IT IS HEREBY ORDERED** that Defendants Mary Hollinrake and Sue Van Duinen's Motion for Summary Judgment (Dkt. No. 52) is **GRANTED** as to all pending federal claims against them, which claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all remaining federal claims against other Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all remaining state law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).

DATED in Kalamazoo, MI:  
November 17, 2006

 /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE